UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MARSHALL KEITH DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Docket No. 07-cv-141-GZS |
| ) | |
| ULRIKE STROUT, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DISMISSING WITHOUT PREJUDICE**

Before the Court is Respondent Ulrike Strout's Motion to Dismiss Petition and to Impose Sanctions. (Docket #s 12 & 13.) Petitioner Marshall Keith Davis has filed a Reply to Respondent's Motion to Dismiss Petition and Impose Sanctions ("Reply to Respondent's Motion"), through which Petitioner consents to dismissal without prejudice but opposes the imposition of sanctions.[1] (Docket # 30.) For the reasons briefly explained below, the Court ORDERS that the Petition be DISMISSED WITHOUT PREJUDICE and DENIES the Motion to Impose Sanctions.

On August 15, 2007, Petitioner Marshall Keith Davis filed a Petition for Return of Child to the Petitioner. (Docket # 1.) The petition was brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, opened for signature Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 and embodied in the International Child Abduction Remedies Act ("ICARA") of April 29, 1988. 42 U.S.C. §§ 11601 et

---

[1] Petitioner's former counsel has also filed an opposition to the imposition of sanctions. (Former Petitioner's Counsel's Separate Response in Opposition to Motion to Impose Sanctions (Docket # 28).)

seq. "The Hague Convention seeks 'to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access.'" Whallon v. Lynn, 230 F.3d 450, 454 (1st Cir. 2000) (quoting Hague Convention, preamble). Under Article 3 of the Hague Convention, the removal or retention of a child is deemed wrongful where "it is in breach of the rights of custody attributed to a person . . . under the law of the State in which the child was habitually resident immediately before the removal or retention" and "at the time of removal or retention those rights were actually exercised . . . or would have been exercised but for the removal or retention." Petitioner initially alleged that on or about December 11, 2006, Respondent Ulrike Strout, wrongfully removed J.S.S., the child of Petitioner and Respondent, from Germany.

Through the Motion presently before the Court, Respondent asserts that there was no wrongful removal or retention because Petitioner has no rights of custody and consented to the removal of J.S.S., and thus, the Petition should be dismissed with prejudice. In addition, the Motion seeks sanctions against Petitioner and Petitioner's former counsel, William Ridgeway Harrison.

Through Petitioner's Reply to Respondent's Motion, Petitioner now claims that he is seeking only rights of access, as opposed to rights of custody, under the Hague Convention.[2] While federal courts have jurisdiction to decide cases that arise under the Hague Convention, see 42 U.S.C. § 11603(a), the majority of courts to have considered

---

[2] The Hague Convention provides that rights of custody "'shall include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence . . . .' The Convention then contrasts 'rights of custody' with the far more limited 'rights of access,' which include 'the right to take a child for a limited period of time to a place other than the child's habitual residence.'" Whallon v. Lynn, 230 F.3d 450, 454-55 (1st Cir. 2000) (citing Hague Convention art. 5(a) & (b).)

the question have held that federal courts do not have jurisdiction where only rights of access are at issue. See Cantor v. Cohen, 442 F.3d 196, 206 (4th Cir. 2006) (collecting cases); Adams ex rel. Naik v. Naik, 363 F. Supp. 2d 1025, 1030 (D. Ill. 2005) ("As to Petitioner's motion for access to [the child], this court has no jurisdiction to grant it."); Bromley v. Bromley, 30 F. Supp. 2d 857, 862 (D. Pa. 1998) (providing that federal courts lack jurisdiction over claims for violation of rights of access because "there is no remedy under the Convention for obstacles to rights of access absent a 'wrongful' removal of a child. Article 21 simply states that the promotion of effective rights of access may be effectuated by application to the 'Central Authorities,' but does not provide the courts with independent authority to remedy such a situation."). These courts have indicated that state court is the appropriate forum to redress violations of rights of access under the Hague Convention. See, e.g., Cantor, 442 F.3d at 202 ("With the exception of the limited matters of international child abduction or wrongful removal claims, which is expressly addressed by the [Hague] Convention and ICARA, other child custody matters, including access claims, would be better handled by the state courts which have the experience to deal with this specific area of the law."); Bromley, 30 F. Supp.2d at 862. Thus, Petitioner's change in cause of action divests this Court of jurisdiction. Therefore, the Petition is DISMISSED WITHOUT PREJUDICE, so that the parties may proceed in the appropriate state court.

The only remaining issue is the imposition of sanctions. Respondent specifically claims that "the frivolousness of the Petition warrants an award of attorney fees against Petitioner and his attorney." (Motion to Dismiss Petition and to Impose Sanctions (Docket # 12) at 7.) In support of the claim for attorneys' fees, Respondent cites Alyeska

Pipeline Serv. Co. v. Wilderness Soc'y, which states that "a court may assess attorneys' fees . . . when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" 421 U.S. 240, 258-59 (1975) (superseded by statute) (quoting F. D. Rich Co. v. United States, 417 U.S. 116, 129 (1974)); see also Local 285, Service Employees Int'l Union v. Nonotuck Resource Assocs., 64 F.3d 735, 737 (1st Cir. 1995) (providing that "[t]he term 'vexatious' means that the losing party's actions were frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.").[3] The determination of whether this case is frivolous would require the Court to delve into the underlying dispute while necessarily requiring the expenditure of additional time and resources on the part of the Court and the parties. Given that this case will be dismissed without prejudice while still in its infancy, the Court does not find an award of attorneys' fees or sanctions appropriate. The Court notes that it appears that more time has been spent pursuing sanctions than was spent by the parties addressing the original petition. Therefore, the Motion for Sanctions is DENIED and the Petition is

---

[3] In addition, Article 26 of the Hague Convention states that this Court

> may, where appropriate, direct the person who removed or retained the child, or who prevented the exercise of rights of access, to pay necessary expenses incurred by or on behalf of the applicant, including travel expenses, any costs incurred or payments made for locating the child, costs of legal representation of the applicant, and those of returning the child.

Id. ICARA also directs:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). The Court notes that an apparent prerequisite to an award of legal fees under either provision is a prevailing party.

-5-

DISMISSED WITHOUT PREJUDICE. Further, the evidentiary hearing scheduled for Monday, October 15, 2007 at 8:30 a.m. is cancelled.

**SO ORDERED.**

                                     /s/ George Z. Singal  
                                     Chief United States District Judge

Dated at Portland, Maine, this 9th day of October, 2007.